CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT STEVEN JOYCE, | ) | CASE NO. 7:15CV00549 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SGT. PHILIPS, | ) | By: Hon. Glen E. Conrad |
| Defendant(s). | ) | Chief United States District Judge |
| | ) | |

Robert Steven Joyce, a Virginia inmate proceeding pro se, filed a pleading that he titled: "PRELIMINARY INJUNCTION," alleging that the defendant correctional officer had denied him meals, in violation of his constitutional rights. The court construed and docketed Joyce's submission as both a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for interlocutory injunctive relief and required Joyce to comply with filing prerequisites, which he has done. See 28 U.S.C. § 1915(b). Joyce has also filed a motion to amend. Upon review of the record, Joyce's complaint must be summarily dismissed without prejudice and his pending motions must be denied.

Joyce signed his complaint on October 12, 2015. He alleged that Sgt. Philips, an officer in the segregation unit at Red Onion State Prison, denied him a dinner tray on October 9, 10, and 11, 2015. He further alleged that Philips and other unnamed officers had refused to bring him informal complaint forms, which an inmate must use to begin the administrative remedy procedure. Joyce also alleged that someone had denied him a shower on the morning of October 9; that he had been allowed outside recreation only once since September 29, 2015; and that he had witnessed another inmate being maced for putting feces on his window. Based on these allegations, Joyce requested unspecified interlocutory injunctive relief.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. To state a constitutional claim regarding conditions of confinement, a prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (citing Helling v. McKinney, 509 U.S. 25, 33-36 (1993) (holding that the determination of a "substantial risk" requires inquiry into the seriousness of the potential harm, the likelihood that such injury to health will actually occur, and whether the risk violates contemporary standards of decency)).

Joyce's complaint did not allege suffering any harm from missing three meals or from occasionally missing a shower or an outdoor recreation session. Nor does he state facts suggesting a substantial risk that he will suffer serious harm in the future from such occurrences.

2

Therefore, the court concludes that Joyce's complaint fails to state any constitutional claim actionable under § 1983 and must be summarily dismissed.[1]

In addition, Joyce clearly did not comply with 42 U.S.C. § 1997e(a) before filing this lawsuit. Under this section, a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). Failure to follow the required procedures of the prison's administrative remedy process, including time limits, and to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005).

The court takes judicial notice of the written grievance procedure applicable to prisoners at Red Onion. See gen. Operating Procedure ("OP") 866.1.[2] Under this procedure, an inmate must first attempt to resolve his issues informally by completing an informal complaint form for which he should receive a receipt. If the inmate does not receive a response to his informal complaint within 15 days, he may file a regular grievance. A regular grievance must be filed within 30 days of the occurrence of which the inmate complains. If the Level I response to the regular grievance is not to his satisfaction, the inmate may appeal for a Level II response, and in some instances, Level III, depending on the issue.

---

[1] For the same reasons, Joyce's complaint did not provide a factual basis for the preliminary injunctive relief he sought. The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

[2] See http://www.vadoc.virginia.gov/about/procedures/default.shtm (last read Nov. 20, 2015).

Joyce's allegations clearly reflect that he did not attempt, in good faith, to exhaust administrative remedies. He tried for only three days to obtain an informal complaint form to begin the exhaustion process before signing and mailing his § 1983 complaint. Under OP 866.1, when he submitted his § 1983 action, Joyce still had more than three weeks to obtain and file an informal complaint and file a regular grievance, asking prison officials to resolve his alleged problems with meals, recreation, and showers. Instead, he brought this premature court action. Moreover, until Joyce has made a concerted effort to address these issues through the prison's available procedures, he cannot show that he will suffer irreparable harm without interlocutory relief from this court. See Winter, 555 U.S. at 20.

On October 28, 2015, Joyce filed a motion to amend this action—to seek monetary damages and to add defendants and claims. Because Joyce's initial submission did not state a claim actionable under § 1983, and because he filed it before attempting to pursue grievance remedies and appeals as required under § 1997e(a), the court concludes that the motion to amend must be denied.[3] Because this lawsuit is dismissed without prejudice, if Joyce remains convinced that his constitutional rights have been or will be, violated, he may refile his claims in a new § 1983 complaint after completing the exhaustion process and complying with federal rules.

---

[3] In the motion to amend, in addition to his claims about food, recreation, and showers, Joyce complains that officers wrongfully charged him with a disciplinary infraction for threatening to kill someone; officers denied him the opportunity to attend the disciplinary hearing conducted on this charge; and an officer has refused to transfer him to a mental health unit. It is evident from his submissions that Joyce has not attempted in good faith to pursue the grievance remedies at Red Onion regarding these additional issues.

In addition, Joyce is advised that his motion to amend seeks to join unrelated claims and parties, in a manner inconsistent with Rules 18 and 20 of the Federal Rules of Civil Procedure. Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join either "as independent or as alternative claims, as many claims as it has against an opposing party." Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. See 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1583 (3d ed. 1998) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed). Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." Green v. Denning, No. 06-3298-SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).

III.

For the stated reasons, the court concludes that Joyce's civil action must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1) and § 1997e(a), and that his motion for preliminary injunctive relief and his motion to amend must be denied.[4] An appropriate order will issue this day. The clerk will send plaintiff a copy of this memorandum opinion and the accompanying order.

ENTER: This 23rd day of November, 2015.

/s/ Jon Conrad
Chief United States District Judge

---

[4] Joyce has also filed a motion seeking to obtain surveillance camera footage in support of his claims. Because the court concludes that the case itself must be dismissed, this motion will be denied as moot.

5